IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-41275
_____


ISLANDER EAST RENTAL PROGRAM; J RAY RILEY,

                              Plaintiffs-Appellants,

      v.

LOWRY BARFIELD; ELIZABETH PARR; JAMES B PENNY; LOCKWOOD
SEEGAR; ISLANDER EAST ASSOCIATION; BILL FERGUSON,

                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(G-95-CV-404)
_____

March 24, 1998

Before REYNALDO G. GARZA, KING, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Plaintiffs-appellants Islander East Rental Program and J.
Ray Riley appeal the magistrate judge's entry of a permanent
injunction against them, his decision not to issue a civil
contempt citation for Defendants' alleged violation of a consent
preliminary injunction, and his denial of their motion for new
trial.  We affirm the magistrate judge's judgment declining to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

issue a civil contempt citation and denying Plaintiffs' motion for new trial.  We affirm the permanent injunction except for Paragraphs (e) and (g) thereof and except insofar as it fails to include a statement of reasons justifying the issuance thereof, and we remand to the magistrate judge with instructions to revise or delete Paragraphs (e) and (g) and to add to the injunction a statement of reasons justifying its issuance as required by Federal Rule of Civil Procedure 65(d).

## I.   FACTUAL & PROCEDURAL BACKGROUND

Plaintiff-appellant Islander East Rental Program (the Program) has, since 1977, been responsible for marketing and administering a rental pool consisting of some of the condominium units located in the Islander East condominium development in Galveston, Texas.  The Program has a four-member executive committee that administers the pool and markets the rental units, and it has maintained its offices in the main lobby of the Islander East development.  Plaintiff-appellant J. Ray Riley has been the chairman of the Program's executive committee since its inception.  Riley and the Program (collectively, Plaintiffs) contend that the Program is an autonomous organization that is fully independent; they characterize the Program as a joint venture between its members.

Defendants-appellees the Islander East Association (the Association) and its five board members (collectively,

2

Defendants) serve as the condominium owners association and administer and enforce the condominium agreement that governs the Islander East development.  Until 1977, the Association operated a rental pool program, and Defendants contend that the Program is a subordinate part of the Association that is essentially a continuation of the Association's earlier rental pool.

On July 2, 1995, the Association board voted to abolish the executive committee of the Program and take over the administration of the Program directly.  Four days later, the Program filed this action[1] alleging claims of civil conspiracy, trademark and service mark infringement, unfair competition, misappropriation, conversion, breach of duty of good faith, and tortious interference with business relationships.  The Association counterclaimed, alleging similar injuries and requesting a declaratory judgment that it owned the Islander East mark.  Both sides sought a preliminary injunction, and the district court therefore instructed the parties to mutually propose an injunction to bind each of them until the matter was resolved.  On August 2, 1995, with the consent of the parties, the district court entered a preliminary injunction barring all parties from using the Islander East mark in relation to condominium rentals.

---

[1]     Riley was later added to the action as a separate plaintiff.

By agreement, the case was thereafter tried before a magistrate judge who bifurcated the trial.  The first part was tried to the jury, and the magistrate judge limited the evidence to events that took place prior to the entry of the consent preliminary injunction on August 2, 1995.  He then entered a directed verdict for the Program on all of the Association's counterclaims except the claim relating to ownership of the mark, and the jury thereafter determined that the Association owned the mark.

The second part of the trial involved whether the Program was entitled to compensatory damages for Defendants' alleged violations of the preliminary injunction and whether the injunction was wrongfully issued.  Because the jury determined that the Association owned the Islander East mark, the magistrate judge declined to enter a civil contempt citation against Defendants.  Neither party took any money from the judgment, and the court dissolved the preliminary injunction.

The magistrate judge's final judgment included the following permanent injunction against Plaintiffs:

   (a)  From using or commercially exploiting any of the
        service marks, trademarks and trade names of the
        Islander East Association consisting of "Islander East"
        or any other service mark, trademark or trade name
        alone or in combination with any design or logo,
        relating to condominium rental services;

   (b)  From undertaking any activity which falsely tends
        to represent the services of the Islander East
        Rental Program or J. Ray Riley as those of the
        Islander East Association, or activities that are

4

likely to cause confusion or mistake in the mind of the public, or will cause consumers to believe that the services of the Islander East Rental Program or J. Ray Riley are sponsored or somehow affiliated with the services of the Islander East Association;

(c) From undertaking any activity which disparages or tends to diminish or erode the public's recognition of the Islander East Association's service marks, trademarks and trade names, including, in whole or in part, "Islander East" and design or logo;

(d) From passing off or assisting others in selling or passing off the services of the Islander East Rental Program and J. Ray Riley as those of the Islander East Association;

(e) From interfering in any way with the continued operation of any condominium rental program operated by the Islander East Association;

(f) From interfering with or diverting reservations booked through any condominium rental program operated by the Islander East Association;

(g) From interfering with or otherwise threatening the participants in any condominium rental program operated by the Islander East Association; and

(h) From interfering with or otherwise threatening any officers, directors, or employees of the Islander East Association in connection with the operation of any condominium rental program.

Following entry of judgment, Plaintiffs moved for a new trial, and the magistrate judge denied their motion. Plaintiffs now appeal the permanent injunction, the court's decision not to issue a civil contempt citation for the Association's alleged violation of the preliminary injunction, and the denial of their motion for new trial.

## II. STANDARD OF REVIEW

We apply the same standard of review to the findings and conclusions of the magistrate judge that we would apply to a decision of the district court.  Taylor v. Domestic Remodeling, Inc., 97 F.3d 96, 98 (5th Cir. 1996).  "Conclusions of law made by the magistrate judge are therefore subject to de novo review while findings of fact made by the magistrate judge are upheld unless such findings are clearly erroneous."  Id.

## III. DISCUSSION

### A. *Permanent Injunction*

Plaintiffs contend that the magistrate judge abused his discretion in entering the permanent injunction because it was not based "on any established principles of law" or on "any factual findings relevant to whether injunctive relief should issue."  Plaintiffs further argue that the injunction violates the requirements of Federal Rule of Civil Procedure 65(d) because it is not sufficiently specific and the reasons for its issuance are not set forth.  They insist that the order is so vague that it is impossible to discern what they are prohibited from doing.  Specifically, Plaintiffs point to subparagraph (g) of the injunction, which states, in part, that they are prohibited from "interfering with or otherwise threatening the participants in any condominium rental program operated by the Islander East Association."  Plaintiffs argue that this language may serve to

6

prevent them from enforcing their rights and thus creates a "second class" category of homeowners.

Defendants respond that the district court was justified in entering the permanent injunction because it issued a declaratory judgment that the Islander East mark belonged to the Association, and 28 U.S.C. § 2202 states that, "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."  28 U.S.C. § 2202.  They contend that the magistrate judge did not abuse his discretion in finding that a permanent injunction was warranted. Defendants further argue that the injunction is not unreasonably vague.

We review a district court's grant or denial of a permanent injunction for abuse of discretion.  Peaches Entertainment Corp. v. Entertainment Repertoire Assocs., Inc., 62 F.3d 690, 693 (5th Cir. 1995).

> The district court abuses its discretion if it (1) relies on clearly erroneous factual findings when deciding to grant or deny the permanent injunction (2) relies on erroneous conclusions of law when deciding to grant or deny the permanent injunction, or (3) misapplies the factual or legal conclusions when fashioning its injunctive relief.

Id.

A district court may issue a permanent injunction where there is a real danger that the act prohibited by the injunction would occur in its absence and will cause injury to the party

7

requesting the injunction.  See 11A CHARLES ALAN WRIGHT ET AL.,

FEDERAL PRACTICE AND PROCEDURE:  CIVIL 2D § 2942, at 45-47 (1995).  The

form of the injunction must follow Federal Rule of Civil

Procedure 65(d), which requires that "[e]very order granting an

injunction . . . shall set forth the reasons for its issuance;

shall be specific in terms; shall describe in reasonable detail,

and not by reference to the complaint or other document, the act

or acts sought to be restrained."  FED. R. CIV. P. 65(d).

> The requirements of Rule 65(d) are not purely
> technical, but serve to "prevent uncertainty and
> confusion" by those faced with injunctive orders and to
> "avoid the possible founding of a contempt citation on
> a decree too vague to be understood," as well as to
> facilitate informed and intelligent appellate review.

Citizen Band Potawatomi Indian Tribe of Okla. v. Oklahoma Tax

Comm'n, 969 F.2d 943, 946 n.3 (10th Cir. 1992) (quoting Schmidt

v. Lessard, 414 U.S. 473, 476 (1974) (per curiam)).  Although the

requirements of Rule 65(d) are mandatory, elaborate detail is

unnecessary; we have explained that "[a]n injunction must simply

be framed so that those enjoined will know what conduct the court

has prohibited."  Meyer v. Brown & Root Constr. Co., 661 F.2d

369, 373 (5th Cir. 1981).

Having reviewed the record and the briefs in this case, we

are persuaded that the magistrate was justified in deciding to

enter a permanent injunction.  Cf. Seattle-First Nat'l Bank v.

Manges, 900 F.2d 795, 800 (5th Cir. 1990).  Nevertheless, the

"no-reference requirement [of Rule 65(d)] has been strictly

8

construed in this circuit to require that parties be able to interpret the injunction from the four corners of the order as required by Rule 65(d)." Id. (alteration in original and internal citations and quotation marks omitted); see also Landmark Land Co. v. Office of Thrift Supervision, 990 F.2d 807, 811 (5th Cir. 1993) (vacating and remanding an injunction based on the district court's failure to comply with Rules 52(a) and 65(d) despite the appellate court's conclusion that the district court did not abuse its discretion in granting the injunction). Because the injunction entered in this case does not "set forth the reasons for its issuance," we conclude that it fails to conform to Rule 65(d) and therefore must be remanded to the district court for entry of such reasons. FED. R. CIV. P. 65(d).

Turning to the content of the injunction, we conclude that Paragraphs (a) through (d) are clear enough to notify Plaintiffs as to what actions are prohibited. Paragraph (a) of the injunction precludes Plaintiffs from using any service marks, trademarks, or trade names belonging to the Association; it does not prevent Plaintiffs from using any different or unrelated service mark, trademark, or trade name. Similarly, Paragraphs (b) through (d) specifically prevent Plaintiffs from utilizing the Islander East mark or from representing themselves as related to the Association. In addition, Paragraph (f) is sufficiently specific in that it focuses on the narrow issue of interfering with or diverting reservations from the Association's rental

9

program.  We do not read Paragraph (f) as prohibiting any lawful competition with the Association's rental program.  Paragraph (h) is sufficiently specific because it is narrowly tailored to protect only "officers, directors or employees of the Islander East Association in connection with the operation of any condominium rental program" and does not prevent Plaintiffs from exercising their legal rights against the named individuals outside of the rental program context.

However, we do not think that Paragraphs (e) and (g) satisfy Rule 65(d)'s specificity requirement.  Paragraph (e) is overbroad.  Its requirement that Plaintiffs refrain from "interfering in any way" with the operation of the rental program fails to identify what specific actions are prohibited and subjects Plaintiffs to possible liability for exercising legal rights that they possess as condominium owners.  See, e.g., Peregrine Myanmar Ltd. v. Segal, 89 F.3d 41, 52 (2d Cir. 1996) (vacating a paragraph of an injunction that left the appellant in the position of "risk[ing] contempt if she guesses wrong about what constitutes a 'reasonably needful action'"); Federal Election Comm'n v. Furgatch, 869 F.2d 1256, 1263 (9th Cir. 1989) (remanding an injunction to the district court for clarification of what conduct was prohibited because the phrase "similar violations" was impermissibly vague); Payne v. Travenol Labs., Inc., 565 F.2d 895, 897-98 (5th Cir. 1978) (finding that an injunction paragraph prohibiting the defendants from

10

"discriminating" failed to satisfy the specificity requirement of Rule 65(d)); <u>Wynn Oil Co. v. Purolator Chem. Corp.</u>, 536 F.2d 84, 86 (5th Cir. 1976) (finding that a portion of an injunction prohibiting the appellants from "slandering and disparaging the Wynn Oil Co. and its products" was "impermissibly vague").

Paragraph (g) is overbroad because it would prohibit Plaintiffs from taking any action against any participant in the Association's rental program, including, for example, a meritorious suit brought against one of the participants to recover a debt and having nothing to do with the Islander East development. Paragraph (g) should be reformed so as to specify that it prohibits Plaintiffs from interfering with or threatening the participants in the Association's rental program <u>on the basis of or in connection with their participation in any condominium rental program</u>.[2] <u>See</u> <u>Peregrine Myanmar Ltd.</u>, 89 F.3d at 51–52 (upholding a portion of an injunction banning the appellant from "'communicating with MAFCO's officers, directors, employees, and agents on matters pertaining to MAFCO or plaintiffs'" because it was narrowly tailored to prohibit only interference with the company's management communications).

_____

[2] We note that the inclusion of such language in Paragraph (h) is what saves it from the same failing. <u>See, e.g.</u>, <u>Peregrine Myanmar Ltd.</u>, 89 F.3d at 51 (upholding a paragraph of an injunction prohibiting the defendant from "interfer[ing] with 'plaintiffs' business <u>or</u> plaintiffs' interest in MAFCO'").

11

On remand, the district court is instructed to reform the injunction so as to "set forth the reasons for its issuance" as required by Rule 65(d).  FED. R. CIV. P. 65(d).  In addition, the court is instructed to either rewrite Paragraphs (e) and (g) to conform with the specificity requirement of Rule 65(d) or delete them altogether.[3]  Until then, with the exceptions of Paragraphs (e) and (g), the injunction shall continue in force according to its interpretation in this opinion.  See Seattle-First Nat'l Bank, 900 F.2d at 800.

## B.  *Preliminary Injunction*

Plaintiffs next argue that the district court erred in refusing to give them the opportunity to prove that Defendants violated the preliminary injunction and that Plaintiffs were damaged as a result.[4]

---

[3]  While we have attempted to identify the problems with these paragraphs as written and have made some suggestions as to how they might be reformed, we emphasize that, on remand, the is free to exercise its discretion (within the bounds of Rule 65(d) and circuit precedent) in reforming these paragraphs to address the problems that it identifies as warranting the injunction. See Young v. Pierce, 822 F.2d 1368, 1374 (5th Cir. 1987) ("It is properly the role of the district court, familiar as it is with this case, to attempt the modification of the injunction to accord with the dictates of Rule 65(d).").

[4]  Plaintiffs also contend that they were denied their Seventh Amendment right to a jury trial on this issue.  This argument lacks merit.  "There is no right to a trial by jury for the violation of an order of court when the proceeding is for civil contempt unless a statute so provides."  11A WRIGHT, supra, § 2960, at 379 (citing Shillitani v. United States, 384 U.S. 364 (1966)).  Plaintiffs have identified no statutory authority providing a right to a jury trial in the instant situation.

12

We review a district court's grant or denial of relief in a civil contempt proceeding for abuse of discretion. <u>Washington-Baltimore Newspaper Guild, Local 35 v. Washington Post Co.</u>, 626 F.2d 1029, 1031 (D.C. Cir. 1980). As we have explained,

> Compensatory civil contempt reimburses the injured party for the losses and expenses incurred because of his adversary's non-compliance. . . .
>
>       . . . .
>
> A party held only in civil contempt by way of compensation to his adversary will be absolved of liability if the court order was invalid or erroneous. The adversary should realize no gain from orders to which he was not entitled.

<u>Norman Bridge Drug Co. v. Banner</u>, 529 F.2d 822, 827-28 (5th Cir. 1976); <u>see also</u> <u>United States v. United Mine Workers of Am.</u>, 330 U.S. 258, 295 (1947) (noting that, although a party "may be punished for criminal contempt for disobedience of an order later set aside on appeal," it does not follow that "the plaintiff in the action may profit by way of a fine imposed in a simultaneous proceeding for civil contempt based upon a violation of the same order"). In this case, Plaintiffs seek compensatory civil contempt damages for Defendants' alleged violations of the preliminary injunction. The magistrate judge determined that Plaintiffs were not entitled to civil contempt damages due to the outcome of the suit regarding the ownership of the Islander East mark. We agree. As the resolution of the main case indicates that Plaintiffs were not entitled to use the Islander East mark

13

and that the mark belonged to Defendants, Plaintiffs have not suffered "losses flowing from [Defendants' alleged] noncompliance" with the injunction and therefore are not entitled to recover damages on that basis. <u>Norman Bridge</u>, 529 F.2d at 827.[5]

---

[5] Plaintiffs contend that we should treat this injunction differently than the one at issue in <u>Norman Bridge</u> because the parties in this case consented to the injunction. They urge this court to follow the Third Circuit's decision in <u>American Greetings Corp. v. Dan-Dee Imports, Inc.</u>, 807 F.2d 1136 (3d Cir. 1986). <u>American Greetings</u> involved a suit brought by a marketer of a line of teddy bears against a competitor alleging various copyright and trademark infringements. <u>Id.</u> at 1138. The district court entered an injunction against the defendant, prohibiting it from marketing its line of teddy bears. <u>Id.</u> The defendant later consented to an order prohibiting it from distributing certain types of related stuffed animals pending a hearing on the broadening or narrowing of the original injunction. <u>Id.</u> Thereafter, the defendant continued to market a "plush dog with tummy graphics," and the district court found it in contempt of the consent order. <u>Id.</u> at 1140. On appeal, the Third Circuit held that the defendant could not challenge the civil contempt citation by challenging the validity of an injunction to which it had consented. <u>Id.</u> at 1148.

<u>American Greetings</u> is inapposite. In <u>American Greetings</u> the district court exercised its <u>discretion</u> to issue a civil contempt citation where the defendant disobeyed an injunction to which it had consented. <u>Id.</u> In contrast, in this case the magistrate judge exercised his <u>discretion</u> not to issue a civil contempt citation because the main case resulted in a determination that the Islander East mark belonged to the Association and not to the Program. Defendants are not arguing that because the injunction was invalid the magistrate judge <u>could not</u> have held them in civil contempt; rather they are simply arguing that the magistrate judge did not abuse its discretion in choosing not to enter a civil contempt citation against them. The Third Circuit's decision in <u>American Greetings</u> does not comment on whether a district court abuses its discretion in deciding not to issue a civil contempt citation where a party disobeys a preliminary injunction that was entered with their consent and that was later found to have been erroneous.

14

## C.  *Motion for New Trial*

Plaintiffs next argue that the magistrate judge erred in denying their motion for new trial.  They contend that the jury's verdict finding that the Association owns the Islander East mark and finding for Defendants on the other counts of wrongdoing was clearly erroneous.

A grant of a new trial is left to the broad discretion of the trial court, but that discretion is "tempered by the deference due to a jury."  Scott v. Monsanto Co., 868 F.2d 786, 789 (5th Cir. 1989).  We review a district court's denial of a motion for new trial for abuse of discretion, thereby recognizing "the deference that is due the trial court's first-hand experience of the witnesses, their demeanor, and the over-all context of the trial."  Dawson v. Wal-Mart Stores, Inc., 978 F.2d 205, 208 (5th Cir. 1992).  As we have explained,

> The reviewing court gives somewhat greater deference when the district court has denied the new trial motion and left the jury's determinations undisturbed.  New trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great weight of the evidence.

Id. (internal citations omitted).  We review all of the evidence presented in the light most favorable to the jury's verdict, and we will not overturn it unless the evidence "points 'so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary [conclusion].'"  Jones v. Wal-Mart Stores, Inc., 870 F.2d 982,

15

987 (5th Cir. 1989) (alteration in original).  Thus, mere conflicting evidence or evidence that would support a different conclusion by the jury cannot serve as the grounds for granting a new trial.  See Dawson, 978 F.2d at 208.  "Where the jury could have reached a number of different conclusions, all of which would have sufficient support based on the evidence, the jury's findings will be upheld."  Id.  Having reviewed the record and the briefs on appeal, we conclude that sufficient evidence existed to support the jury's verdict, and we therefore hold that the district court did not abuse its discretion in denying Plaintiffs' motion for new trial.

### IV.  CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the magistrate judge declining to issue a civil contempt citation and denying Plaintiffs' motion for new trial.  We AFFIRM the permanent injunction except for Paragraphs (e) and (g) thereof and except insofar as it fails to include a statement of reasons justifying the issuance thereof, and we REMAND to the magistrate judge with instructions to revise or delete Paragraphs (e) and (g) and to add a statement of reasons justifying the issuance of the permanent injunction as required by Rule 65(d).  The magistrate judge is ordered to make the necessary revisions and addition within a period of thirty days from the date of entry of judgment or from the date of entry of any order on rehearing,

16

whichever comes later.  Any further appeal shall be on an expedited basis and shall be to this panel.  During the remand and prior to the entry of judgment by the magistrate judge on the revised permanent injunction, the existing permanent injunction, excepting only Paragraphs (e) and (g) thereof, shall continue in force in accordance with the interpretation thereof contained in this opinion.

AFFIRMED in part and REMANDED.  Costs shall be borne by Plaintiffs.